Opinion filed June 23,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00354-CR

                                                    __________

 

                      CHARLES
DANIEL JOHNSON, JR., Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                                   Trial
Court Cause No. CR19965

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
is an appeal from an order of adjudication in which the trial court convicted
Charles Daniel Johnson, Jr. of the offense of stalking and assessed his
punishment at confinement for ten years.  We affirm.  

            In
his sole issue on appeal, appellant contends that the trial court abused its
discretion in adjudicating guilt and imposing the maximum sentence for the
offense of stalking in light of appellant’s assertion that he was not guilty of
stalking.  Under this issue, appellant asserts that his original plea of no
contest was not made voluntarily and that his due process rights were violated
because he was innocent.  

A
trial court is authorized to revoke a defendant’s deferred adjudication
community supervision and adjudicate his guilt on the original charge if the
State proves by a preponderance of the evidence that the defendant violated any
condition of his community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2010); Rickels v.
State, 202
S.W.3d 759, 763 (Tex. Crim. App. 2006).  Pursuant to Article 42.12,
section 5(b), the scope of the hearing is “limited to the determination by the
court of whether it proceeds with an adjudication of guilt on the original
charge.”  We review a trial court’s decision to proceed with an adjudication of
guilt for an abuse of discretion.  A trial court does not abuse its discretion
if the order revoking community supervision is supported by a preponderance of
the evidence.  Rickels, 202 S.W.3d at 763-64.
 A defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding in an appeal taken when
deferred adjudication community supervision is first imposed, not in an appeal
from a subsequent order of adjudication.  Manuel v.
State, 994 S.W.2d 658, 661-62
(Tex. Crim. App. 1999).  

            Appellant
originally pleaded no contest to the allegations in the indictment, and the
trial court deferred the adjudication of appellant’s guilt and placed him on
community supervision. The State subsequently filed a motion to adjudicate,
alleging that appellant had violated various terms and conditions of his
community supervision.  The trial court conducted a hearing and found that
appellant had violated five of the terms and conditions as set out in the
State’s motion, including violating a protective order, failing to report,
failing to pay fees, failing to complete community service restitution, and
communicating with the young woman with whom he had been convicted of stalking. 
Appellant does not challenge these findings.  Furthermore, the findings are
supported by the evidence presented at the hearing.

Appellant
complains that his due process rights were violated because the evidence presented
at the adjudication hearing conclusively established his innocence of the
offense of stalking.  We disagree.  The issue at the hearing was whether
appellant violated the terms and conditions of his probation, not whether he
was guilty of stalking.  He had previously pleaded no contest to the offense of
stalking.  Moreover, the evidence presented at the hearing did not establish
his innocence of the offense of stalking.  Appellant’s rights to due process
were not violated.  

            Appellant
also complains of the trial court’s assessment of the maximum sentence.  When a
defendant is adjudicated guilty, he is subject to the entire range of
punishment for the offense.  Ditto v. State, 988 S.W.2d 236, 238-39
(Tex. Crim. App. 1999).  The range of punishment for the third degree felony of
stalking is imprisonment for any term of not more than ten years or less than
two years.  Tex. Penal Code Ann.
§§ 12.34, 42.072(b) (Vernon 2011).  The sentence assessed in this case (ten
years) was within that range.  Generally, a penalty assessed within the
statutory range of punishment established by the legislature will not be
disturbed on appeal.  Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim.
App. 1984).  

            We
hold that the trial court did not abuse its discretion in adjudicating
appellant’s guilt or in assessing punishment.  Appellant’s issue is overruled. 


            The
judgment of the trial court is affirmed.  

 

 

                                                                                                PER
CURIAM

 

June 23, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]

 









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.